IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

  **v.**      //      CRIMINAL NO. 1:12CR1-2
                            (Judge Keeley)

**TASHA SHELEKA SAUNDERS,**

    **Defendant.**

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION
FOR A NEW TRIAL AND FOR JUDGMENT OF ACQUITTAL [DKT. NO. 101]**

Pending before the Court is the motion of the defendant, Tasha Sheleka Saunders ("Saunders"), for a new trial, or in the alternative, for a judgment of acquittal (dkt. no. 101).[1] For the reasons that follow, the Court **DENIES** the motion.

**I.**

On January 4, 2012, the Grand Jury indicted Saunders' co-defendant, Harvey J. Brewer ("Brewer"), on one count of escaping from the custody of the satellite camp of Federal Correctional Institution Gilmer in violation of 18 U.S.C. § 751(a). The Grand Jury also indicted Saunders on one count of aiding and abetting escape in violation of 18 U.S.C. §§ 751(a) and 2. On March 22, 2012, subsequent to a joint three-day trial, a petit jury convicted both defendants on the sole count of the Indictment.

---

[1] The Court notes that Saunders filed this motion on July 31, 2012, one day after the July 30, 2012 deadline for post-trial motions set by the Court. (Dkt. No. 83).

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION
FOR A NEW TRIAL AND FOR JUDGMENT OF ACQUITTAL [DKT. NO. 101]**

Saunders contends that she is entitled to a new trial, or in the alternative, for a judgment of acquittal, on the grounds that there was insufficient evidence to support her conviction. Specifically, she argues that the Government's witnesses were contradictory and not credible. As the jury verdict was thus necessarily based on "clearly false testimony," she argues, it "cannot be upheld." (Dkt. No. 101 at 7).

**II.**

**A.**

Fed. R. Crim. P. 29(c) provides that, on a defendant's motion, a court may "set aside" a jury verdict and "enter an acquittal." A defendant who challenges the sufficiency of the evidence under this Rule faces an "imposing burden." United States v. Martin, 523 F.3d 281, 288 (4th Cir. 2008) (citing United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997)). She must establish that "the record demonstrates a lack of evidence from which a jury could find guilt beyond a reasonable doubt." Martin, 523 F.3d at 288 (citing United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc)). In other words, the Court must uphold the jury's verdict if, when viewed in the light most favorable to the Government, there is sufficient evidence from which "any rational trier of fact could find the essential elements of the crime beyond a reasonable

**USA v. TASHA SHELEKA SAUNDERS**                                  1:12CR1-2

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION
FOR A NEW TRIAL AND FOR JUDGMENT OF ACQUITTAL [DKT. NO. 101]**

doubt." United States v. Wilson, 118 F.3d 228, 234 (4th Cir. 1997).

In evaluating the sufficiency of the evidence, the Court may not engage in jury functions such as "weigh[ing] the evidence or review[ing] the credibility of the witnesses." Id. Rather, the Court must "assume the jury resolved all contradictions in the testimony in favor of the government." United States v. Sun, 278 F.3d 302, 313 (4th Cir. 2002) (citing United States v. Romer, 148 F.3d 359, 364 (4th Cir. 1998)); see also United States v. Murphy, 35 F.3d 143, 148 (4th Cir. 1994) ("if the evidence supports different, reasonable interpretations, the jury decides which interpretation to believe" (citation omitted)). "Credibility determinations are within the sole province of the jury and are not susceptible to judicial review." United States v. Lowe, 65 F.3d 1137, 1142 (4th Cir. 1995) (citation omitted).

Here, in order to convict Saunders of aiding and abetting escape in violation of 18 U.S.C. §§ 751(a) and 2, the Government was required to prove the following beyond a reasonable doubt:

> [T]he defendant knowingly associated [her]self with and participated in the criminal venture. To prove the element of association, the government must show that the defendant shared in the principals' criminal intent. This requires evidence that the defendant be aware of the principals' criminal intent and the unlawful nature of their acts.

3

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION
FOR A NEW TRIAL AND FOR JUDGMENT OF ACQUITTAL [DKT. NO. 101]**

United States v. Kingrea, 573 F.3d 186, 197 (4th Cir. 2009) (internal quotation marks omitted) (quoting United States v. Winstead, 708 F.2d 925, 927 (4th Cir. 1983)).

Saunders does not challenge the government's proof as to any particular element of her offense; rather, she contends that the evidence failed, wholesale, "to place [her] at Duck Run Road at or near the point in time that Mr. Brewer would have necessarily had to have been picked up to be consistent with the time-line purported by the Government and its witnesses." (Dkt. No. 101 at 3). In support, she contends that the statements of the Government's witnesses placing her on Duck Run Road with Brewer shortly after his escape are inconsistent and "could not possibly be true." (Dkt. No. 101 at 4).

Saunders' motion rests exclusively on a challenge to the credibility of the Government's witnesses. Credibility determinations, however, are "within the sole province of the jury," Lowe, 65 F.3d at 1142, and "[i]t is well-established that in deciding a motion for judgment of acquittal . . . the district court [is not] to make independent determinations regarding witnesses credibility." United States v. Levy, 904 F.2d 1026, 1032 (6th Cir. 1990) (citing Glasser v. United States, 315 U.S. 60, 80 (1942)); see also United States v. Marrone, No. 5:04-00228, 2005 WL

**USA v. TASHA SHELEKA SAUNDERS** 1:12CR1-2

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION
FOR A NEW TRIAL AND FOR JUDGMENT OF ACQUITTAL [DKT. NO. 101]**

2035809, at *1 (S.D. W. Va. Aug. 23, 2005) ("This court cannot overturn the verdict based solely on credibility determinations." (citation omitted)). Here, the Government's witnesses were subjected to vigorous cross-examination at trial on this very issue, with defense counsel repeatedly attacking the witnesses' credibility. The jurors were well aware that they could accept or reject these witnesses' testimony.

To the extent that Saunders' motion highlights certain inconsistencies in the Government witnesses' testimony, the Court "must assume that the jury resolved all contradictions in testimony in favor of the Government." Sun, 278 F.3d at 313 (citing Romer, 148 F.3d at 364). Again, Saunders' counsel extensively explored the import of these inconsistencies before the jury – in fact, the pending motion is largely a reiteration of her closing argument. Although Saunders believes that the Government witnesses' failure to exactly match their testimony concerning the time-line of certain events should be fatal to its case, the guilty verdict reveals that the jury reached the opposite conclusion. At bottom, Saunders' arguments "as to why the jury should be unconvinced [are] just what [they] appear, . . . jury argument[s]." United States v. Stevens, 817 F.2d 254, 255 (4th Cir. 1987).

**USA v. TASHA SHELEKA SAUNDERS**                                1:12CR1-2

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION
FOR A NEW TRIAL AND FOR JUDGMENT OF ACQUITTAL [DKT. NO. 101]**

Saunders' attorney zealously argued in closing that the Government witnesses had made inconsistent statements concerning her participation in Brewer's escape and were, therefore, not credible. The jury, however, rejected these arguments. When reviewing the evidence in a light most favorable to the Government, Court concludes that the Government introduced substantial evidence at trial to support the jury's verdict of guilt beyond a reasonable doubt and therefore **DENIES** the defendant's motion for acquittal (dkt. no. 101).

**B.**

Pursuant to Fed. R. Crim P. 33(a), the Court "may vacate any judgment and grant a new trial if the interest of justice so requires." This decision is entrusted to the sound discretion of the trial court. United States v. Perry, 335 F.3d 316, 320 (4th Cir. 2003). The Court "should exercise its discretion to grant a new trial sparingly," United States v. Chong Lam, 677 F.3d 190, 203 (4th Cir. 2012) (internal quotation marks and citations omitted), and "only when the evidence weighs so heavily against the verdict that it would be unjust to enter judgment." United States v. Arrington, 757 F.2d 1484, 1485 (4th Cir. 1985). The Court is not constrained to view the evidence in the light most favorable to the

**USA v. TASHA SHELEKA SAUNDERS**                                1:12CR1-2

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION
 FOR A NEW TRIAL AND FOR JUDGMENT OF ACQUITTAL [DKT. NO. 101]**

government when evaluating a motion for a new trial, and it may assess the credibility of witnesses as it sees fit. Id.

Here, Saunders did not identify any separate grounds for a new trial other than those discussed above. The Court thus finds that she has not demonstrated that this is one of the "rare circumstance[s]" where "the evidence weighs heavily against" the jury verdict, United States v. Wilson, 624 F.3d 640 (4th Cir. 2010) (citation omitted), and **DENIES** her motion for a new trial (dkt. no. 101).

### III.

For the reasons discussed, the Court **DENIES** Saunders' motion for a new trial or, in the alternative, for a judgment of acquittal (dkt. no. 101).

It is so **ORDERED**.

The Court **DIRECTS** the Clerk to transmit copies of this Order to counsel of record.

DATED: October 9, 2012.

                                    /s/ Irene M. Keeley
                                    IRENE M. KEELEY
                                    UNITED STATES DISTRICT JUDGE